

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-77,695-02

**EX PARTE RUDY ALVARADO GARCIA, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR41780 IN THE 385TH DISTRICT COURT FROM MIDLAND COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced as a habitual felon offender to forty years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Garcia v. State*, No. 11-13-00360-CR (Tex. App. — Eastland, October 8, 2015) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because trial counsel failed to file a motion to suppress evidence seized in a mandatory blood draw pursuant to Section 724.012(b)(3)(B) of the Texas Transportation Code. At the time of the offense on January 17, 2013,

Section 724.012(b)(3)(B) allowed for the warrantless taking of blood from a person who had been twice previously convicted of an offense relating to the operation of a motor vehicle while intoxicated. The arresting officer in Applicant's case testified specifically that he believed that the Section 724.012(b)(3)(B) authorized a blood draw without consent or a warrant in these circumstances.

On April 17, 2013, the United States Supreme Court handed down its opinion in *Missouri v. McNeely*, 569 U.S. 141 (2013), holding that the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant, and emphasizing that whether a warrantless blood draw is reasonable must be determined on a case-by-case basis looking at the totality of the circumstances. On November 26, 2014, this Court held that a nonconsensual search of a DWI suspect's blood conducted pursuant to the mandatory-blood-draw and implied-consent provisions in the Transportation Code, when undertaken in the absence of a warrant or any applicable exception to the warrant requirement, violates the Fourth Amendment. *State v. Villarreal*, 475 S.W.3d 784, 815 (Tex. Crim. App. 2014).

Applicant's trial took place on November 14, 2013, after the opinion in *Missouri v. McNeely*, but before the opinion in *State v. Villarreal*. At the time of Applicant's trial, trial counsel could have filed a motion to suppress the results of Applicant's blood alcohol content tests based on the holding of *McNeely*. Trial counsel's closing argument at guilt/innocence was as follows, in total:

> Your Honor, I would have no real argument. The Court has heard the evidence. Just point out the nature of the stop and what probable cause the officer had, and rely on the Court's judgment.

There is no indication that trial counsel filed a pre-trial motion to suppress in this case, or that he challenged the mandatory blood draw or the warrantless seizure in any way. Although the State

argues that there was other evidence sufficient to prove that Applicant was driving while intoxicated without the blood alcohol test results, the trial transcript indicates that the blood draw and the results of the blood alcohol testing comprised the majority of the testimony at the guilt/innocence phase.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, trial counsel shall state whether he was aware of the decision in *Missouri v. McNeely* at the time of Applicant's trial, and if so, whether he considered filing a motion to suppress the blood alcohol test results on that basis. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: August 22, 2018
Do not publish